IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3308-FL

| | | |
|---|---|---|
| BOBBY RAY GRADY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JUDGE FINAN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915. Also before the court is plaintiff's motion for a temporary stay (DE 7). In this posture, the matter is ripe for adjudication.

Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks

an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

Plaintiff brings this action against Judge Finan. "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts." Stump v. Sparkman, 435 U.S. 349, 355-56 (1978) (citations omitted). State and federal judges also are immune to requests for injunctive relief. See Donato Malave v. Abrams, 547 F. App'x 346, 347 (4th Cir. 2013); Wise v. United States, No. 6:09-01376-HFF-WMC, 2009 WL 3052608, *4 (D.S.C. Sept. 23, 2009), aff'd, 367 F. App'x 412 (4th Cir. Feb. 25, 2010); see also, Younger v. Harris, 401 U.S. 37, 41 (1971) (holding that federal courts should not interfere with pending state criminal proceedings, except under extraordinary circumstances). The proper recourse for a party who believes that the judge has ruled improperly or unfairly is to raise such errors on appeal. See Pierson v. Ray, 386 U.S. 547, 554 (1967).

Plaintiff's claim against Judge Finan arises out of Judge Finan's determination as to whether probable cause existed to detain plaintiff. Because plaintiff complains about actions or inactions taken in Judge Finan's judicial capacity, Judge Finan is protected by judicial immunity from plaintiff's lawsuit. Thus, plaintiff's action is DISMISSED as frivolous. Because the court dismissed this action, plaintiff's motion for a temporary stay (DE 7) is DENIED as MOOT. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 22nd day of May, 2014.

LOUISE W. FLANAGAN
United States District Judge